# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JONATHAN WEINBERG**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CHRISTOPHER PETTI**, a New York individual,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jonathan Weinberg ("Plaintiff" or "Weinberg") brings this Class Action Complaint and Demand for Jury Trial against Christopher Petti ("Petti" or "Defendant") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing calls and sending telemarketing text messages to telephone numbers registered on the Do Not Call Registry without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Weinberg, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Jonathan Weinberg is a resident of Las Vegas, Nevada.

2. Defendant Christopher Petti is a real estate agent located in Westchester, New York and conducts business through this District.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

1

4. This Court has personal jurisdiction over the Defendant and the venue is proper because the Defendant conducts business in this District and the wrongful conduct giving rise to this case was directed by the Defendant from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in December 2022 alone, at a rate of 137.6 million per day. www.robocallindex.com (last visited January 22, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Christopher Petti is a real estate agent.

15. Defendant uses calling technology to solicit real estate services to consumers regardless of whether he has consent to call them or their phone numbers are registered on the DNC.

## PLAINTIFF WEINBERG' ALLEGATIONS

16. Plaintiff Weinberg is the subscriber and the sole user of the phone number ending with 5712.

17. Plaintiff Weinberg registered his phone number on the DNC on January 14, 2005, for the express purpose that he would not receive unsolicited calls or text messages.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

18. Plaintiff Weinberg's number is not held out to the public in connection with a business and is used primarily for personal purposes as a residential phone number.

19. In September 2022, Plaintiff Weinberg started receiving unsolicited telemarketing calls and text messages from a variety of real estate agents and companies.

20. Plaintiff told the callers to stop calling and texting him, but the calls and text messages continued.

21. On October 24, 2022, Plaintiff received an unsolicited text message from or on behalf of Defendant, from 914-639-6248. Minutes later, a second unsolicited text message came in from 914-639-6248 at 7:16 AM:



22. Plaintiff Weinberg has never dealt with a Christie's agent and Plaintiff does not know who Steven is. Plaintiff does not and has never used the email sjames414@hotmail.com.

23. On October 25, 2022, Plaintiff received a 3rd unsolicited text message from or on behalf of Defendant, from 914-639-6248 at 8:16 AM:

> **Today 8:16 AM**
>
> Chris is in the office this AM and is compiling information based on your profile you completed. We wanted clarity on a few things regarding your home search details. Are you free for a call this week by chance?

24. Later in the day on October 25, 2022, at 3:19 PM, Plaintiff Weinberg received a 4th unsolicited text message from or on behalf of Defendant, from 914-639-6248:

> **Yesterday 3:19 PM**
>
> Did my message come through?

25. On October 26, 2022, Plaintiff received a 5th unsolicited text message from or on behalf of Defendant, from 914-639-6248 at 8:16 AM:

> **Today 5:31 PM**
>
> Hi Steven, it's Chris's assistant w/ Byrne Homes Team. Just checking in, there are new listings regularly coming on the market. Have you found a home yet?

26. On November 3, 2022, Plaintiff received a 6th unsolicited text message from or on behalf of Defendant, from 914-639-6248 at 6:19 AM:

> Today 6:19 AM
>
> There are always new mortgage products coming on the market that give you options. Do you have anyone reviewing these options with you regularly? Chris's assistant w/ Byrne Homes Team.

27. On November 10, 2022, Plaintiff received a 7th unsolicited text message from or on behalf of Defendant, from 914-639-6248 at 6:29 AM:

> Today 6:29 AM
>
> Hi, Steven, this is Chris's assistant w/ Byrne Homes Team. If you're in town this weekend, we are going to tour some open houses in your search area. Are you free in the afternoon?

28. Based on an investigation conducted by Plaintiff's attorneys, when 914-639-6248 is called, it leads to the voicemail of Mary Jo Ann Byrne, from Byrne Homes Team:



29. The unauthorized solicitations that Plaintiff received from Defendant, as alleged herein, have harmed Plaintiff Weinberg in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Weinberg, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Weinberg brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) texted and/or called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and/or texted Plaintiff.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents,

---

[3] https://www.christiesrealestate.com/westchester/associate/600-a-me322185/mary-jo-ann-byrne

7

successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Weinberg anticipates the need to amend the Class definitions following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class because he received calls and text messages as part of the same telemarketing campaign resulting in calls/text messages sent to other Class members.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant systematically sent, or caused to be sent, multiple calls or text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent;

(b) whether the calls and text messages to Plaintiff and other consumers were sent for telemarketing purposes;

(c) whether the conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Weinberg will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Weinberg has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Weinberg and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Weinberg nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff Weinberg. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Weinberg and the Do Not Call Registry Class)**

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

39. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

40. Defendant violated 47 C.F.R. § 64.1200(c) by causing to be initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

41. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call and/or text message in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

42. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in statutory damages for such violations of 47 C.F.R. § 64.1200.

43. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Weinberg individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Weinberg as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Weinberg requests a jury trial.

**JONATHAN WEINBERG**, individually and on behalf of all others similarly situated,

DATED this 13th day of February, 2023.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427

Avi R. Kaufman*
kaufman@kaufmanpa.com

Kaufman P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881
* Pro Hac Vice motion forthcoming

*Attorneys for Plaintiff and the putative Class*